UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMUEL LEE JAMES,  
    Plaintiff

Case No. 1:05cv252

vs

PAUL MONTAG, et al.,  
    Defendants

**ORDER**  
(Watson, J.)

    Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this action against Paul Montag and the Ryder Truck Rental Company. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii); 1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, alleges that on June 23, 2003, defendant Paul Montag was driving a Ryder Rental Truck in Cincinnati, Ohio when his vehicle struck overhead utility lines causing the lines and other objects to fall.  Plaintiff, who was riding his bicycle in the area at the time, was struck and injured by the falling objects.  Plaintiff states he suffered injuries to his neck, back, shoulders, and legs.  He seeks $401,153.00 in damages.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. This Court is without federal jurisdiction over plaintiff's complaint.  District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In order to invoke the Court's federal question jurisdiction

pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In addition, "if the plaintiff's claim is based on state law, a substantial, disputed question of federal law [must be] a necessary element of the state cause of action." *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.,* 287 F.3d 568, 573 (6th Cir. 2002), citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)*; Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936). The Court cannot discern any possible federal claim stemming from plaintiff's allegations. Plaintiff's complaint alleges a personal injury action sounding in tort, the resolution of which is governed by state law. Clearly, federal law is not an essential element of the claim. Therefore, plaintiff's allegations do not state a constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

In addition, the Court is precluded from exercising diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Plaintiff's complaint alleges that both he and the defendants reside in Ohio. Therefore, there is no diversity of citizenship for purposes of diversity jurisdiction under § 1332.

To the extent plaintiff alleges a civil rights action pursuant to 42 U.S.C. § 1983, the complaint fails to state a claim upon which relief may be granted. In order to state a claim cognizable under 42 U.SC. § 1983, plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by one acting under color of state law. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953,

957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). As indicated above, plaintiff fails to allege facts showing a violation of his rights under federal law. Moreover, plaintiff fails to allege any facts indicating the defendants, a private individual and private company, acted under color of state law.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that the Court lacks federal jurisdiction over the complaint and, in the alternative, that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent plaintiff's complaint pleads a state law personal injury claim, that claim is dismissed without prejudice to filing in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: 4/19/2205                           s/Michael H. Watson
                                          Michael H. Watson
                                          United States District Court